NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEPHEN DURR,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2021-1388

---

Appeal from the United States Court of Federal Claims in No. 1:20-cv-01121-CFL, Senior Judge Charles F. Lettow.

---

Decided: June 9, 2021

---

STEPHEN DURR, Chicago, IL, pro se.

KELLY A. KRYSTYNIAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, ROBERT EDWARD KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before MOORE, *Chief Judge*, SCHALL and O'MALLEY, *Circuit Judges*.

PER CURIAM.

Stephen Durr appeals a final decision of the United States Court of Federal Claims dismissing his complaint for lack of subject matter jurisdiction. Appx. 2–6.[1] Because the Claims Court correctly determined that it lacked subject matter jurisdiction, we *affirm*.

I

Mr. Durr served in the United States Army from 1989 until 1993. In 1993, he was placed on the Temporary Disability Retired List based on mental illness, and in 1994, he was discharged. Appx. 3. Twice after his discharge, Mr. Durr sought vocational rehabilitation benefits from the Department of Veterans Affairs (VA). *Id.* But the VA never responded. *Id.* Mr. Durr, therefore, sued the government in the Claims Court for failing to adjudicate his benefits claims. He sought $44,000,000 in damages, alleging the VA violated federal statutes, federal regulations, the Due Process Clause of the Fifth Amendment to the United States Constitution; and the Due Process Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the Fourteenth Amendment. Appx. 3, 8–9.

On the government's motion, the Claims Court dismissed Mr. Durr's complaint for lack of subject matter jurisdiction. It interpreted Mr. Durr's claims as seeking veterans' benefits, which it held were not within the Claims Court's jurisdiction. Appx. 5–6. It also recognized that Mr. Durr might have been seeking back pay and held that, if he was making such a claim, it was untimely. *Id.* (citing 28 U.S.C. § 2501). Mr. Durr appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1] "Appx." denotes the appendix attached to Mr. Durr's opening brief.

## II

We review Claims Court decisions regarding subject matter jurisdiction de novo. *FloorPro, Inc. v. United States*, 680 F.3d 1377, 1380 (Fed. Cir. 2012). The Tucker Act grants the Claims Court jurisdiction over claims against the United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract within the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States, and the claimant must demonstrate that the source of substantive law he relies upon can fairly be interpreted as mandating compensation by the Federal Government for the damages sustained." *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (citations and quotations omitted).

On appeal, Mr. Durr clarifies that any "claim for backpay [is] irrelevant to the current claim." Informal Reply Br. at 3. He explains, instead, that his claims are "founded on the Due Process Clause" of the Fifth Amendment, and that his citations to the Fourteenth Amendment before the Claims Court were in error. Informal Op. Br. at 5–6; Informal Reply Br. at 1. He also alleges that his application for vocational benefits are still pending before the VA because the VA never adjudicated them, that any adjudication would be futile now, and that his claim is therefore based on a loss of benefits. Informal Op. Br. at 7–8.

Under either Mr. Durr's Due Process framing or his benefits framing, the Claims Court lacked jurisdiction over his claims. For his claims brought under the Due Process Clause, the Claims Court lacks jurisdiction because that Clause does not mandate compensation. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding Claims

Court lacks jurisdiction over Fifth-Amendment Claims because it is not money mandating).  For his claims seeking veterans' benefits, Mr. Durr has alleged that the United States violated 38 U.S.C. §§ 3102, 3106, and 3107 and various related regulations providing training and rehabilitation benefits for veterans.  *See* Appx. 8 and Informal Op. Br. at 3.  But the Secretary of Veterans Affairs, not the Claims Court, has exclusive power to "decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans."  38 U.S.C. § 511; *see also* 38 U.S.C. §§ 7104, 7252, 7292 (providing for review of that decision). The Claims Court, therefore, had no authority to review Mr. Durr's claim for veterans' benefits.[2]  Therefore, the Claims Court correctly held that it lacked subject matter jurisdiction.  Accordingly, we affirm the Claims Court's dismissal of Mr. Durr's complaint.

**AFFIRMED**

COSTS

No costs.

---

[2]     To the extent the VA's delay is tantamount to a failure to adjudicate Mr. Durr's claims, his avenue for relief is via a request for a writ of mandamus filed with the Veteran's Court.